

## IN THE
## TENTH COURT OF APPEALS

### No. 10-20-00006-CV

BSR SURF RESORT, LLC, PARSONS
BAREFOOT SKI RANCH, LLC,
BSR CABLE PARK, STUART EDWARD
PARSONS, JR. AS TRUSTEE FOR
PARSONS RANCH & WILDLIFE TRUST,
AND PARSONS RANCH & WILDLIFE TRUST,

            **Appellants**

 **v.**

RITA STABILE, INDIVIDUALLY AND
ON BEHALF OF THE ESTATE OF
FABRIZIO STABILE, AND
VINCENZO STABILE, INDIVIDUALLY,

            **Appellees**

#### From the 414th District Court
#### McLennan County, Texas
#### Trial Court No. 2019-1249-5

## REFERRAL TO MEDIATION ORDER

The Legislature has provided for the resolution of disputes through alternative dispute resolution (ADR) procedures.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.001-154.073.  The policy behind ADR is stated in the statute:  "It is the policy of this state to

encourage the peaceable resolution of disputes . . . and the early settlement of pending litigation through voluntary settlement procedures." *Id*. § 154.002. Mediation is a form of ADR. Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of a mediator. Mediation is private, confidential, and privileged.

We find that not only this appeal, but also the underlying case in this appeal, Trial Court Number 2019-1249-5, are appropriate for mediation. *See id.* § 154.021(a). Accordingly, we refer both this appeal and the underlying case, Trial Court Number 2019-1249-5, to mediation.[1]

The parties are ordered to confer and attempt to agree upon a mediator. Within fourteen (14) days after the date of this Order, Appellants are ordered to file a notice with the Clerk of this Court that either identifies the agreed-upon mediator or states that the parties are unable to agree upon a mediator. If the notice states that the parties are unable to agree upon a mediator, this Court will assign a mediator.

Mediation must occur within sixty (60) days after the date the above-referenced notice agreeing to a mediator is filed or, if no mediator is agreed upon, within sixty (60) days after the date of the order assigning a mediator.

No less than seven (7) calendar days before the first scheduled mediation session, each party must provide the mediator and all other parties with an information sheet setting forth the party's positions about the issues that need to be resolved. At or before the first session, all parties must produce all information necessary for the mediator to

---

[1] We note that pursuant to Texas Civil Practice and Remedies Code § 51.014(a)(12) and (b) that the trial and all other proceedings are stayed pending resolution of this appeal.

understand the issues presented. The mediator may require any party to supplement the information required by this Order.

Named parties must be present during the entire mediation process, and each party that is not a natural person must be represented by an employee, officer, agent, or representative with authority to bind the party to settlement.

Immediately after mediation, the mediator must advise this Court, in writing, only that the case did or did not settle and the amount of the mediator's fee paid by each party. The mediator's fees will be taxed as costs. Unless the mediator agrees to mediate without fee, the mediator must negotiate a reasonable fee with the parties, and the parties must each pay one-half of the agreed-upon fee directly to the mediator.

Failure or refusal to attend the mediation as scheduled may result in the imposition of sanctions, as permitted by law.

Any objection to this Order must be filed with this Court and served upon all parties within ten (10) days after the date of this Order, or it is waived.

We refer this appeal and the underlying case, Trial Court No. 2019-1249-5, to mediation.[2]

The appeal and all appellate deadlines are suspended as of the date of this Order. The suspension of the appeal is automatically lifted when the mediator's report to the Court is received. If the matter is not resolved at mediation, any deadline that began to run and had not expired by the date of this Order will begin anew as of the date the

---

[2] Nothing herein should be construed as an all or nothing requirement regarding the mediation. The mediator and parties should endeavor to resolve the entire proceeding, but a resolution of any issue in the appeal or the underlying proceeding is within the scope of this referral.

mediator's report to the Court is received.  Any document filed by a party after the date of this Order and prior to the filing of the mediator's report will be deemed filed on the same day, but after, the mediator's report is received.

Appellants' Renewed Motion for Emergency Relief will be held in abeyance pending the resolution of mediation.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Order issued and filed February 24, 2020
RWR

